UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.:   3:21-CR-145-TAV-JEM |
| | ) | |
| ANTHONY L. WALDO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's Motion to Withdraw Guilty Plea and Set Trial Date [Doc. 239].  Defendant moves the Court, pursuant to Federal Rule of Criminal Procedure 11(d)(2), to withdraw his guilty plea and set a trial date.  The government responded in opposition [Doc. 247].  For the reasons explained below, defendant's motion [Doc. 239] is **DENIED**.

## I.    Background

On November 17, 2021, a grand jury indicted defendant for conspiracy to distribute 50 grams or more of methamphetamine (Count One), possession with intent to distribute 5 grams or more of methamphetamine (Count Eight), knowingly possessing firearms in furtherance of a drug trafficking crime (Count Nine), and possession of a firearm by a convicted felon (Count Ten) [Doc. 3].  Defendant was initially represented in this matter by attorney Jamie Poston Hughes [Docs. 46, 48].  On November 4, 2022, Ms. Hughes was relieved of further representation and attorney Mark E. Brown was substituted and appointed as counsel [Doc. 147].

On May 9, 2023, the defendant signed a plea agreement [Doc. 206] in which he agreed to plead guilty to Counts One and Nine of the indictment [*Id.* at ¶ 1]. The defendant appeared before United States District Judge Thomas W. Phillips on May 23, 2023, and officially changed his plea of not guilty to a plea of guilty [Doc. 210]. Defendant's sentencing was initially set for September 25, 2023 [*Id.*], and his sentencing was later reset to December 13, 2023. The original Presentence Investigation Report ("PSR") was filed on November 6, 2023 [Sealed Doc. 237]. Defendant filed a Motion to Extension of Time to File Objections to the PSR [Doc. 238], which the Court granted [Doc. 240] on November 20, 2023. On that same date, defendant filed the present motion to withdraw [Doc. 239].

## II.    Analysis

### A.    Standard for Withdrawal of Guilty Plea under Federal Rule of Criminal Procedure 11(d)(2)

"A defendant does not have an absolute right to withdraw a guilty plea." *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citations omitted). Federal Rule of Criminal Procedure 11(d) provides the standard for withdrawal of a guilty plea:

> A defendant may withdraw a plea of guilty or nolo contendere:
>
> (1)    before the court accepts the plea, for any reason or no reason; or
>
> (2)    after the court accepts the plea, but before it imposes sentence if:
>
> > (A)    the court rejects a plea agreement under Rule 11(c)(5); or
> >
> > (B)    the defendant can show a fair and just reason for requesting the withdrawal.

Fed. R. Crim. P. 11(d).

In this case, the Court has already accepted the defendant's guilty plea. Accordingly, the defendant must show a "fair and just reason" to withdraw his guilty plea under Rule 11(d)(2)(B). Rule 11(d) is designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991).

The defendant carries the burden of proving that withdrawal of his guilty plea is justified, and the matter is left to the discretion of the Court. *Alexander*, 948 F.2d at 1003 (citation omitted). In *United States v. Bashara*, the Sixth Circuit gave a non-exclusive list of factors which should guide a district court in determining whether to allow a defendant to withdraw his guilty plea:

(1)    the amount of time that elapsed between the plea and the motion to withdraw it;

(2)    the presence or absence of a valid reason for the failure to move for withdrawal earlier in the proceedings;

(3)    whether the defendant has asserted or maintained his innocence;

(4)    the circumstances underlying the entry of the guilty plea;

(5)    the defendant's nature and background;

(6)    the degree to which the defendant has prior criminal experience with the criminal justice system; and

(7)    potential prejudice to the government if the motion to withdraw is granted.

3

27 F.3d 1174, 1181 (6th Cir. 1994), *superseded by statute on other grounds*, U.S.S.G. §3B1.1; *see also Ellis*, 470 F.3d at 281 (citing and applying the *Bashara* factors); *United States v. Valdez*, 362 F.3d 903, 912 (6th Cir. 2004) (applying the factors discussed in *Bashara*).

The factors listed in *Bashara* are "a general, non-exclusive list and no one factor is controlling." *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996). The first six factors are used to determine whether a defendant has presented a fair and just reason for withdrawal of the plea and a court will balance any fair and just reason with the last factor—any prejudice to the government. *Alexander*, 948 F.2d at 1004. Prejudice to the government, however, need not be addressed until the defendant establishes a fair and just reason for vacating his guilty plea. *See United States v. Goddard*, 638 F.3d 490, 495 (6th Cir. 2011) (quoting *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987)) ("[T]he government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal."). Although the *Bashara, Alexander*, and *Spencer* courts were operating under the then-controlling Federal Rule of Criminal Procedure 32(e),[1] the same factors and rationale are still applicable to the analysis of withdrawing a guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B). *See, e.g., Ellis*, 470 F.3d at 281; *Valdez*, 362 F.3d at

---

[1] The rule for withdrawal of a guilty plea was formerly codified as Federal Rule of Criminal Procedure 32(e), which provided that a district court could permit a defendant to withdraw a guilty plea before sentencing if the defendant showed "any fair and just reason." *See* Fed. R. Crim. P. 32(e) (2001). This rule applied regardless of whether the court had accepted the guilty plea. *United States v. Mader*, 251 F.3d 1099, 1104 (6th Cir. 2001).

912.  The Court will therefore address each of the *Bashara* factors in determining whether

defendant has demonstrated a fair and just reason for withdrawal of his guilty plea.

**B.      Application of the *Bashara* Factors**

**1.      Amount of Time Elapsed and Valid Reason for Failing to Move to Withdraw Earlier**

With respect to the first two factors, defendant asserts that, after his change of plea

hearing, he was physically assaulted and hit in the head with a tablet while being held in

the Laurel County Detention Center in London, Kentucky [Doc. 239, p. 3].  He states that

this incident caused a severe physical injury and several weeks of treatment and recovery.

Defendant also points out that he was then moved to the Irwin County Detention Center in

Ocilla, Georgia, which is approximately five-and-a-half hours from Knoxville, and

therefore he had issues communicating with his counsel.  While he acknowledges that

phone visits are available, he states that "scheduling can be a challenge and the distance

involved is not amenable to in-person visitation" [*Id.*].

Regarding the amount of time that has elapsed between the plea and the motion to

withdraw, the Court notes that defendant pleaded guilty on May 23, 2023, and filed the

present motion to withdraw on November 20, 2023—approximately six months after the

entry of his guilty plea.  The Court notes that, as the government argues and defendant

acknowledges, the Sixth Circuit has routinely upheld denials of motions to withdraw in

cases with periods of time of six months or even shorter elapsing.  *See United States v.

Taylor*, 336 F. App'x 478, 482–83 (6th Cir. 2009) (upholding denial of a defendant's

motion to withdraw plea when six months had elapsed between the guilty plea and the

5

motion); *Valdez*, 362 F.3d at 912–13 (holding that a 75 day delay justified the denial of the defendant's motion to withdraw his plea); *United States v. Durham*, 178 F.3d 796, 798–99 (6th Cir. 1999) (noting that the "strongest factor" supporting the district court's denial of motion to withdraw was the 77 day time period between guilty plea and filing of motion).

Based on this precedent, the Court concludes that the timing of defendant's delay does not weigh in favor of granting the motion. Defendant was arrested in December 2021, then he signed a plea agreement in May 2023, so a significant period of time transpired during which he could contemplate and discuss with counsel whether to plead or go to trial in the first place. While the Court recognizes the challenges regarding the injury he suffered and the communication difficulties with counsel, albeit occurring after the entry of defendant's change of plea, the Court finds that the stated reasons for the time elapsed and failing to move to withdraw earlier, which are the first and second *Bashara* factors, simply do not amount to a substantial and justified reason that would support withdrawal of his guilty plea.

### 2. Whether Defendant Has Maintained His Innocence and Circumstances Surrounding the Guilty Plea

The Court now considers whether defendant has maintained his innocence as well as the circumstances surrounding his guilty plea. The Court notes that during his change of plea hearing on May 23, 2023, the Court asked defendant a series of questions regarding the charges against him and his understanding of the consequences of pleading guilty, in accordance with Rule 11(b).

6

Specifically, the Court asked defendant (1) whether he had ample opportunity to discuss the charges against him with his lawyer—to which he responded "I have," (2) whether his lawyer had explained the meaning of any words used in the indictment that he did not understand—to which he responded "He's explained it to me very well," and (3) whether his lawyer had specifically advised him as to every element of the charged offenses that the government must prove beyond a reasonable doubt in order to convict him of these charges offenses—to which he responded "He has" [Sealed Doc. 246, pp. 4–5]. In addition, the Court asked defendant if his lawyer had explained the terms of his plea agreement to him—to which defendant responded "Yes" and indicated that he was satisfied with his lawyer's advice and representation [*Id.* at 5]. The Court also asked defendant if he understood that he was giving up his right to a trial by jury, and defendant agreed that he understood [*Id.* at 5–6].

After the government's counsel read the charges, elements, facts supporting the plea, and possible punishments, defendant stated that he heard these recitations and agreed that is what he did, stating "Yeah, I agree" [*Id.* at 7–12]. Further, defendant pled guilty to Counts One and Nine of the indictment, stating that he was pleading guilty because he was in fact guilty [*Id.* at 12–13]. Finally, the following exchange between the Court and defendant took place:

> THE COURT: Last of all, Mr. Waldo, do you understand that you will not be permitted to withdraw your plea on the basis of the sentence you may receive. In other words, you can't wait to see what the Court's going to sentence you to before you decide to plead guilty. Do you understand that, Mr. Waldo?

THE DEFENDANT:  Yes, I do.

[*Id.* at 16].  Thereafter, based upon the observations of defendant and his answers to the questions, the Court accepted his pleas of guilty and found that he did so knowingly and voluntarily [*Id.* at 17–18].  The plea hearing was routine, and defendant did not express any reservations in entering the guilty pleas [*Id.*].

The PSR, which calculated defendant's advisory guideline range as 211 to 248 months' imprisonment, was filed on November 6, 2023 [Sealed Doc. 237].  On November 20, 2023, defendant moved to withdraw his guilty plea [Doc. 239].

With regard to the third and fourth factors, defendant asserts that he "has long maintained his innocence through prior counsel and current counsel," both of whom presented him with the same plea offer [*Id.* at 4].  He states that he "has always believed that he was not part of a drug conspiracy and that he did not meet the elements for the § 924(c) charge."  He explains that he was the last defendant to plead guilty, "steadfastly" refusing to sign a plea agreement, but he "panicked and felt pressure to sign the plea agreement."  He states that there was never any negotiation with the counsel for the government, who "essentially told him through his counsel to take it or leave it" and then set a deadline to accept the plea.  Finally, he explains that he "reluctantly signed" the plea offer "with a metaphorical gun to his head" when he was advised that he would be facing at least 30 years and possibly up to life in prison if he lost at trial [*Id.*].

Given defendant's admission that he engaged in the conduct set forth in the plea agreement, and in light of his responses to the Court's questioning, the Court finds that the

defendant did not assert or maintain his innocence during the change of plea hearing. *See Ellis*, 470 F.3d at 285 (withdrawal is not warranted for a defendant who has "repeatedly acknowledged his guilt"); *United States v. Lineback*, 330 F.3d 441, 444 (6th Cir. 2003) (finding no error where district court concluded that defendant had not maintained innocence when he admitted to engaging in conduct during plea hearing). Moreover, a defendant needs to show "vigorous and repeated protestations of innocence" to support a motion to withdraw a guilty plea. *United States v. Dixon*, 479 F.3d 431, 437 (6th Cir. 2007) (citation omitted). The Court cannot ignore that defendant's assertion of innocence occurred in his motion to withdraw, which was filed approximately two weeks after the PSR calculated his advisory guidelines range, and he certainly has not made declarations of his innocence repeatedly. Nor does the Court find anything regarding the circumstances of his guilty plea to be such as to weigh in favor of withdrawal. Thus, the Court finds that consideration of the third and fourth *Bashara* factors does not weigh in favor of permitting defendant to withdraw his guilty plea.

### 3. Defendant's Nature/Background and Experience with the Criminal Justice System

The Court next turns to defendant's nature and background and, similarly the degree to which defendant has prior experience with the criminal justice system. As noted in the PSR, defendant is 51 years old, has been married, has children, obtained his GED certificate, and has worked as a self-employed home remodeler [Sealed Doc. 237]. Defendant's motion to withdraw asserts that he only completed 10th grade [Doc. 239, p. 4]. He also states that he has "issues with recall" as he is not "able to recall things that just

occurred and needs time to consider what happened before the ramifications set in"—and "[t]hat is what happened here" [*Id.*].  He explains that he suffers from mental health issues stemming from several traumatic events, including the fact that his son died and he discovered his girlfriend's mother deceased in a house at which time he also found a small child had been alone without food or water for four days and nearly died too [*Id.* at 5].  He asserts that [t]hose traumas have affected his memory and his ability to process traumatic events such as agreeing to plead guilty to federal charges."  While he admits that he has significant experience with the state criminal justice system, defendant maintains that this is his first experience with the federal justice system.  He complains that the federal system has more severe penalties with little to no negotiations or appeal options, such that he and other defendants "face Hobson's choice" where "[t]hey are supposedly making a free decision, but they really are not" [*Id.*].

A defendant's intelligence, sophistication, and understanding of the plea are relevant to a court's analysis of this factor.  *See Ellis*, 470 F.3d at 285 (finding that this factor supported denial of defendant's motion to withdraw plea because the defendant was highly educated and sophisticated and understood what he was doing when he entered his plea); *see also United States v. Quinlan*, 473 F.3d 273, 278 (6th Cir. 2007).  Based on the facts set forth above, the Court finds that the defendant is fairly educated and has the capacity to understand the nature and meaning of a guilty plea.  His background reveals that he was "capable of understanding the consequences of his guilty plea" and he has "not argued that he did not understand the proceedings."  *United States v. Catchings*, 708 F.3d

710, 719 (6th Cir. 2013). Consequently, defendant's nature and background, which is the fifth *Bashara* factor, do not favor permitting the plea withdrawal.

In considering defendant's degree of familiarity with the justice system, which is the sixth *Bashara* factor, the Court similarly concludes that defendant's past interactions with the criminal justice system do not weigh in favor of permitting defendant to withdraw his guilty plea. The PSR reflects that defendant is in a Criminal History Category VI, given that he has been convicted in state court of a wide range of criminal offenses over the span of decades dating back to age 18 [Sealed Doc. 237]. Thus, defendant has a considerable degree of familiarity with the criminal justice system, even though it is from state court convictions, and this factor does not support a plea withdrawal. *See Catchings*, 708 F.3d at 719 (defendant has "fairly extensive prior experience with the criminal-justice system, as reflected in his criminal history category of III," which weighs against him attempting to withdraw his guilty plea); *United States v. Pluta*, 144 F.3d 968, 971, 973–74, 980 (6th Cir. 1998) (upholding denial of motion to withdraw guilty plea by defendant, who had "laundry list" of offenses, including from state courts, which placed him in criminal history category of VI, indicating he "was not a naive stranger to the criminal proceedings in which he was involved").

## III. Conclusion

After consideration of the *Bashara* factors, the Court concludes that defendant has not demonstrated a fair and just reason for vacating his plea under Rule 11(d)(2).[2]

---

[2] Because defendant has not presented a fair and just reason for permitting him to withdraw

Accordingly, defendant's Motion to Withdraw Guilty Plea and Set Trial Date [Doc. 239]

is hereby **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

his plea, the Court need not address the seventh *Bashara* factor, prejudice to the government. *See Goddard*, 638 F.3d at 495 (finding that, because defendant had not established a fair and just reason to permit withdrawal, whether the government would have been prejudiced was immaterial).

12