UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:21-CR-145-TAV-JEM |
| ) | |
| ANTHONY L. WALDO, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Anthony Waldo's pro se Motion for Ineffective Assistance of Counsel [Doc. 257] and Attorney Mark Brown's Motion to Withdraw as Attorney for the Defendant Anthony Waldo [Doc. 259], both of which are referred to the undersigned [Docs. 258 & 260]. *See* 28 U.S.C. 636(b). The parties appeared for a hearing on the motions on February 8, 2024. Assistant United States Attorney Kevin Quencer represented the Government. Attorney Brown appeared with Defendant Waldo, who was also present. Criminal Justice Act ("CJA") Panel Attorney Wesley D. Stone was present at the Court's request.

The Court substituted Mr. Brown as Defendant's counsel of record on November 4, 2022 [Doc. 147]. Defendant entered a guilty plea on May 23, 2023 [Doc. 210] and moved to withdraw his guilty plea on November 20, 2023 [Doc. 239]. The District Judge denied Defendant's motion withdraw his guilty plea on January 24, 2024 [Doc. 256] On January 29, 2024, Defendant filed a pro se motion, asserting that counsel failed to review discovery or present new evidence and forced Defendant to accept a plea agreement by threatening him with a sentence of thirty years and up to life [Doc. 257 pp. 1–2]. Defendant opined that a different

attorney "would have produced a different outcome" and asks the Court to find that Mr. Brown provided the ineffective assistance of counsel [*Id.* at 2]. Thereafter, Mr. Brown moved to withdraw, stating that Defendant's pro se motion reveals an "irreparable breakdown in the attorney-client relationship" that prevents him from representing Defendant effectively [Doc. 259].

At the hearing, AUSA Quencer took no position on the matter of Defendant's representation. Mr. Brown stated that after a lengthy discussion with Defendant that morning, the issues between them may be resolved but asked that the Court confirm this with Defendant. The Court conducted a sealed, ex parte hearing to learn the nature and extent of the problems with the attorney-client relationship. Mr. Brown and Defendant explained in greater detail the bases for the motions and their discussion thereafter. Based upon the information related during the sealed portion of the hearing, the Court finds that the trust necessary for the attorney-client relationship is significantly impaired and that Defendant would benefit from the advice of new counsel. The Court, however, makes no finding that Mr. Brown has rendered either ineffective or effective assistance of counsel. Accordingly, the Court finds that good cause exists to grant Mr. Brown's request to withdraw and to substitute counsel. *United States v. Sullivan*, 431 F.3d 976, 979–80 (6th Cir. 2005) (requiring a defendant to show good cause for substitution of counsel (citations omitted)).

Accordingly, Mr. Brown's Motion to Withdraw [**Doc. 259**] is **GRANTED**, and Mr. Brown is **RELIEVED** as counsel of record for Defendant Waldo. To the extent that Defendant's pro se motion seeks new counsel, that request is also **GRANTED**; however, the remainder of Defendant's pro se motion [**Doc. 257**] is premature and is **DENIED without prejudice to refile**. The undersigned reiterates that it makes no finding on Defendant's

allegations of ineffective assistance of counsel. Attorney Stone agreed to accept representation of Defendant. The Court therefore and hereby **SUBSTITUTES** and **APPOINTS** Mr. Stone under the C.J.A., 18 U.S.C. § 3006A, as counsel of record for Defendant Waldo. Defendant Waldo is admonished to make every effort to work with Mr. Stone through the remainder of this case. Mr. Brown provided the discovery and Defendant's file to Mr. Stone at the hearing.

Accordingly, the Court **ORDERS**:

(1) the Motion to Withdraw as Attorney for the Defendant Anthony Waldo [**Doc. 259**] is **GRANTED**, and Attorney Mark E. Brown is **RELIEVED** of further representation of Defendant;

(2) Defendant's pro se request for new counsel is **GRANTED**, and Attorney Wesley D. Stone is **SUBSTITUTED** and **APPOINTED** as counsel of record for Defendant pursuant to the CJA;

(3) Defendant's pro se motion alleging ineffective assistance of counsel [**Doc. 257**] is prematurely filed and is **DENIED without prejudice to refile**; and

(4) the parties shall contact the District Judge's Chambers to reschedule the sentencing hearing.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge